FILED

1  Atyria S. Clark, (SBN.: 226295)
   1158 26th Street, Suite 783
2  Santa Monica, CA 90403                    2012 AUG -3  PM 2: 35
   Telephone: (866) 347-9247
3  Facsimile: (310) 496-1284                 CLERK U.S. DISTRICT COURT
   E-mail: aclarklawofficela@yahoo.com        CENTRAL DIST. OF CALIF.
4                                                 LOS ANGELES
   ATYRIA S. CLARK, In Pro Per
5                                            BY _____

6                 UNITED STATES DISTRICT COURT

7               CENTRAL DISTRICT OF CALIFORNIA

8
9  ATYRIA S. CLARK, an individual      CV12-6498 VAP (JEM )

10           Plaintiff,                 COMPLAINT:

11  vs.
                                        1) **Civil Rights Violations
12  CITY OF BEVERLY HILLS,                 pursuant to 42 U.S.C. Section
    CALIFORNIA, a governmental unit,       1983**
13  DAVID SNOWDEN, in his official and  2) **Unlawful Detention/False
    individual capacity, OFFICER           Arrest**
14  MCCLAFFERTY, in his official and
    individual capacities, OFFICER      3) **Battery**
15  CASTALDO, in his official and       4) **Assault**
    individual capacities, OFFICER
16  TRERISE, in his official and individual  5) **Intentional Infliction of
    capacities, OFFICER TANNER, in his       Emotion Distress**
17  official and individual capacities,   6)  **Negligence**
    OFFICER MATTESON, in his official
18  and individual capacities, OFFICER   7)  **Declaratory Relief**
    BURGER, in his official and individual
19  capacities, OFFICER ADAMS, in his    **JURY TRIAL DEMANDED**
    official and individual capacities,
20  OFFICER BALLEWEG, in his official
    and individual capacities, OFFICER
21  REYES, in his official and individual
    capacities, OFFICER ARMOUR, in his
22  official and individual capacities, DOES
    13-23, Inclusive,
23  1-10
24           Defendants.

25
26  ///
27  ///
28

1

Plaintiff, ATYRIA S. CLARK, and for her complaint against Defendants CITY OF BEVERLY HILLS, POLICE CHIEF SNOWDEN, OFFICER MCCLAFFERTY, OFFICER CASTALDO, OFFICER TRERISE, OFFICER TANNER, OFFICER MATTESON, OFFICER BURGER, OFFICER ADAMS, OFFICER BALLEWEG, OFFICER REYES, OFFICER ARMOUR, and DOES 1-10 ~~13-23~~, inclusive, states as follows:

## I.   **INTRODUCTION**

1.     This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the law of the State of California, against the CITY OF BEVERLY HILLS, POLICE CHIEF DAVID SNOWDEN, OFFICER MCCLAFFERTY, OFFICER CASTALDO, OFFICER TRERISE, OFFICER TANNER, OFFICER MATTESON, OFFICER BURGER, OFFICER ADAMS, OFFICER BALLEWEG, OFFICER REYES, OFFICER ARMOUR, and DOES 1-10 ~~13-23~~, inclusive, thought to also be police officers of the City of Beverly Hills, in their individual and official capacities.

2.     Plaintiff Atyria S. Clark alleges that Defendants made an unreasonable search and seizure of her person, assaulted, battered and falsely imprisoned her by stopping her and physically restraining her without cause and caused physical damage and emotional distress to Plaintiff. Plaintiff also alleges that Defendants had a duty of care owed to Plaintiff in the execution of their official duties and Defendants breached that duty and cause Plaintiff damages. Plaintiff alleges that these constitutional violations were committed as a result of the policies and customs of the City of Beverly Hills that require police officers to arrest citizens without probable cause and that place higher value on personal property over the civil and constitutional rights of certain United States citizens.

3.     At all relevant times, Defendants were acting under color of law and under color of authority as police officers, employees, and agents or servants of the City of Beverly Hills, California.

## II.    **JURISDICTION AND VENUE**

4.     This is a civil suit brought pursuant to Federal Civil Rights Act, 42 U.S.C. §§ 1983 et seq., and particularly the First and Fourteenth Amendments of the United States Constitution.   This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(1-4) and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has supplemental jurisdiction over Plaintiff's causes of action arising under California state law pursuant to 28 U.S.C. § 1367.

5.     Venue lies in the United States District Court for the Central District of California because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the county of Los Angeles and in the city of Beverly Hills, California.  28 U.S.C. § 1391(b)(2).

6.     This Court is authorized to grant the relief requested under 28 U.S.C. §§ 2201 and 2202 and Rule 65 of the Federal Rules of Civil Procedure for the purpose of determining a question and actual controversy between the parties, to wit:  whether the policy of the City of Beverly Hills to arrest suspects of property crimes without probable cause violates the Constitution and whether the Defendant police officers violated Plaintiff's civil and constitutional rights by arresting Plaintiff without probable cause.

7.     This Court is authorized to grant Plaintiff's prayer for relief regarding costs, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

# III.  **PARTIES**

8.  At all times mentioned herein, Plaintiff, Atyria S. Clark ("Plaintiff"), an individual, was and is an adult citizen and resident of the county of Los Angeles, city of Los Angeles, California.  She is a licensed attorney and has spent over six years establishing her reputation as a professional attorney in the county of Los Angeles.  Plaintiff has clients throughout Southern California who live and work in areas throughout the county of Los Angeles and more specifically, in the City of Beverly Hills.

9.  Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, Defendant City of Beverly Hills ("the City") was and is a municipal corporation located in the County of Los Angeles, California.  It is a municipal corporation and the public employer of Defendants, POLICE CHIEF DAVID SNOWDEN, OFFICER MCCLAFFERTY, OFFICER CASTALDO, OFFICER TRERISE, OFFICER TANNER, OFFICER MATTESON, OFFICER BURGER, OFFICER ADAMS, OFFICER BALLEWEG, OFFICER REYES, OFFICER ARMOUR, DOES 13-23, inclusive. *1-10*

10.  Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, Defendant Chief of Police David Snowden ("Snowden"), is the Chief of the Beverly Hills Police Department.  He is sued in his individual and official capacities.

11.  Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, Defendant Officer McClafferty ("McClafferty") is a police officer with the City of Beverly Hills Police Department.  He is sued in his individual and official capacities. Plaintiff is unaware of the true legal name of Defendant McClafferty.  Plaintiff will amend this Complaint when Defendant McClafferty's true and legal name is determined.

12.    Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, Defendant Officer Castaldo ("Castaldo") is a police officer with the City of Beverly Hills Police Department.  He is sued in his individual and official capacities.  Plaintiff is unaware of the true legal name of Defendant Castaldo.    Plaintiff will amend this Complaint when Defendant Castaldo's true and legal name is determined.

13.    Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, Defendant Officer Trerise ("Trerise") is a police officer with the City of Beverly Hills Police Department. He is sued in his individual and official capacities.  Plaintiff is unaware of the true legal name of Defendant Trerise.  Plaintiff will amend this Complaint when Defendant Trerise's true and legal name is determined.

14.    Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, Defendant Officer Tanner ("Tanner") is a police officer with the City of Beverly Hills Police Department. He is sued in his individual and official capacities.  Plaintiff is unaware of the true legal name of Defendant Tanner.  Plaintiff will amend this Complaint when Defendant Tanner's true and legal name is determined.

15.    Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, Defendant Officer Matteson ("Matteson") is a police officer with the City of Beverly Hills Police Department.  He is sued in his individual and official capacities.  Plaintiff is unaware of the true legal name of Defendant Matteson.    Plaintiff will amend this Complaint when Defendant Matteson's true and legal name is determined.

16.    Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, Defendant Officer Burger ("Burger") is a police officer with the City of Beverly Hills Police Department. He is sued in his individual and official capacities.  Plaintiff is unaware of the true legal name of Defendant

1  Matteson.  Plaintiff will amend this Complaint when Defendant Matteson's true
2  and legal name is determined.

3        17.    Plaintiff is informed and believes, and thereupon alleges that at all
4  times mentioned herein, Defendant Officer Adams ("Adams") is a police officer
5  with the City of Beverly Hills Police Department. He is sued in his individual and
6  official capacities.  Plaintiff is unaware of the true legal name of Defendant
7  Matteson.  Plaintiff will amend this Complaint when Defendant Matteson's true
8  and legal name is determined.

9        18.    Plaintiff is informed and believes, and thereupon alleges that at all
10  times mentioned herein, Defendant Officer Balleweg ("Balleweg") is a police
11  officer with the City of Beverly Hills Police Department.  He is sued in his
12  individual and official capacities.  Plaintiff is unaware of the true legal name of
13  Defendant Balleweg.   Plaintiff will amend this Complaint when Defendant
14  Balleweg's true and legal name is determined.

15        19.    Plaintiff is informed and believes, and thereupon alleges that at all
16  times mentioned herein, Reyes ("Reyes") is a police officer with the City of
17  Beverly Hills Police Department.  He is sued in his individual and official
18  capacities.  Plaintiff is unaware of the true legal name of Defendant Reyes.
19  Plaintiff will amend this Complaint when Defendant Reyes's true and legal name
20  is determined.

21        20.    Plaintiff is informed and believes, and thereupon alleges that at all
22  times mentioned herein, Defendant Officer Armour ("Armour") is a police officer
23  with the City of Beverly Hills Police Department. He is sued in his individual and
24  official capacities.  Plaintiff is unaware of the true legal name of Defendant
25  Armour.  Plaintiff will amend this Complaint when Defendant Armour's true and
26  legal name is determined.

27        21.    At all times mentioned herein the Beverly Hills Police Department
28  ("BHPD") is and was an agency and department of Defendant City of Beverly

Hills and which operated and operates as a law enforcement agency, duly organized and operating under a Charter and existing within the county of Los Angeles and under and by virtue of the laws of the state of California. At all times material herein, the individual defendants and each of them were employed by the Beverly Hills Police Department as police officers, and were acting or purporting to act under color of law within the meaning of United States Code, Title 42, Section 1983. These defendants are sued herein in their official and individual capacities.  *1 – 10*

22.   At all times relevant herein, DOES ~~13-23~~ *1 – 10* were employed by Defendant City as police officers, bearing unknown shield numbers. Upon discovery of the true identities of DOES ~~13-23~~, this complaint will be amended to reflect the true names and shield numbers.

23 *1 – 10*   The true names and capacities of the Defendants named herein as DOES ~~13-23~~, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who thereafter sues such Defendants by fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff is informed and believes that such DOE Defendants are California residents and are also police officers with the Beverly Hills Police Department.  Plaintiff will amend this Complaint to show such true names and capacities when they have been determined.

24.   Plaintiff is informed and believes and thereupon alleges that each Defendant was an agent of the other Defendants and ratified the conduct of the other Defendants and the other employees of the City of Beverly Hills and/or the City of Beverly Hills Police Department. Said Defendants were specifically authorized by Defendant City to perform the duties and responsibilities of sworn police officers and all acts hereinafter complained of were performed by them within the course and scope of their duties as peace officers and officials for said Defendants City and BHPD. Said Defendants are herein sued in their individual

1   capacities and in their official capacities as police officers, sergeants, captains,

2   commanders, supervisors, policy makers and/or other officers of Defendants.

3       25.   Plaintiff is informed and believes, and thereon alleges that each of the

4   Defendants designated as DOES ~~13-23~~ *1-10* are negligently, intentionally, vicariously or

5   otherwise legally responsible, in some manner, for the events and happenings

6   herein referred to, thereby proximately causing the injuries and damages to

7   Plaintiff as alleged herein.

8       26.   At all times relevant, Defendants who were employed by the City and

9   by BHPD were acting within the course and scope of their employment and,

10  pursuant to California *Government Code* § 815.2(a), Defendants City and BHPD

11  are liable for the damages caused by their acts and conduct alleged herein. Said

12  Defendant City and its police department either encouraged, assisted, ratified

13  and/or with deliberate indifference failed to prevent all of the acts and omissions

14  complained herein.

15      27.   Plaintiff further alleges that all the Defendants sued herein as well as

16  those sued by fictitious names, DOES ~~13-23,~~ *1-10* are jointly, severally, and

17  concurrently liable and responsible with the other named Defendants upon the

18  causes of action herein set forth.

19      28.   In committing the acts alleged in this Complaint, Defendants acted

20  knowingly, maliciously and with reckless or callous disregard for Plaintiff's

21  constitutional rights with the specific intent to deprive Plaintiff of her

22  constitutional right to be secure in her person, justifying an award of punitive

23  damages under federal law against each individual Defendant.

24      29.   Defendants' conduct, as alleged herein, constitutes a pattern of

25  constitutional violations based (either on) a deliberate plan by Defendants, or on

26  Defendant's deliberate indifference, gross negligence or reckless disregard for the

27  safety, security, and rights of Plaintiff.

28

# **BACKGROUND**

30.    Plaintiff incorporates by reference allegations 1 through 29 as though fully set forth herein.

31.    On or around October 19, 2011 at approximately 6:30PM, Plaintiff was inside the Sprinkles store located at 9635 S. Santa Monica Blvd., Beverly Hills, CA 90210.  Plaintiff was at the store with three of her friends.  The parties were inside the store to purchase cupcakes for one of her friend's birthday.

32.    Approximately five minutes after the parties entered the store, two to three Defendant police officers barged into the store and ordered all of the black patrons in the store to put their hands up and not move.  Another six to ten officers were standing outside the store, including at least one K-9 unit.   A police helicopter unit was flying overhead.

33.    When Plaintiff attempted to assess what was going on, one of the DOE officers came up to her and started ordering her to put her hands up.  Some other officers said there had been a theft and the people in the store fit the description and everyone needed to get down.  Plaintiff then proceeded to explain to the officer that she was an attorney and that three of the men in the store were with her and that they had just come into the store to purchase cupcakes.  Plaintiff produced her bar card to one of the Defendant officers and reiterated that neither she nor any of the three men that she was with were involved in any crime.

34.    After making everyone get down on the floor, another officer came in and announced that everyone was being detained because there was a theft at the Gucci store three blocks down the street and indicated that everyone inside the Sprinkles store was being detained.

35.    The officers proceeded to start handcuffing all of the black people in the store, including Plaintiff.

36.    A male officer proceeded to escort Plaintiff out of the store and on to the sidewalk of South Santa Monica Boulevard.  The officer forced Plaintiff to spread her legs apart and put her hands (while handcuffed) over her head.

37.    A female officer came about 2 minutes later and conducted a frisk and pat down of Plaintiff's person even after Plaintiff told her that she was not consenting to any search of her person.

38.    The officers then proceeded to question Plaintiff's friends and brother and demanded Plaintiff's brother to explain his tattoos.  When Plaintiff interjected and told her brother that he did not have to explain anything, Defendant McClafferty got in Plaintiff's face and told her she better not talk to the other suspects.

39.    Plaintiff again told Defendant McClafferty that she is an attorney and these are her clients and she has a right to counsel her clients in this situation.  He barked at her that she better not say anything else because she was also being detained and she was prohibited from speaking to her clients.  At that point, Plaintiff felt as if this officer was going to yank her out of her chair and throw her into a police car or otherwise commit another battery against her person so she did not say anything further until that officer started questioning her.

40.    Officer McClafferty questioned Plaintiff about her address, her work address, her social security number and various other questions.  When Plaintiff indicated a refusal to answer some of his questions, he became irate and kept trying to intimidate Plaintiff.  He then grabbed Plaintiff's purse, took her wallet out of her purse and proceeded to rummage through Plaintiff's wallet to retrieve her bar card.

41.    About twenty minutes after the parties were taken out to the sidewalk, another patrol car came by, allegedly with the witness from the store who reported the alleged theft.

///

42.   At that point, the officers started making all of the men get up from the sidewalk and started making comments to insinuate that they were about to put them in patrol cars to take them down to the station.

43.   By this time, Plaintiff's hands were going numb because the handcuffs that were placed on her wrists were way too tight and she had to beg another officer to remove the cuffs. The officer refused to remove the cuffs and only loosened them.  For months, Plaintiff had a tingling sensation in her right thumb area and could not feel sensation in part of her thumb area.  As a result, Plaintiff had to be treated for a sprained wrist at Cedars Sinai Medical Group Urgent Care facility.  To date, Plaintiff still has tingling sensations in her right wrist and thumb area.

44.   After the witness reported that none of the people out handcuffed on the sidewalk were the perpetrators of the alleged theft, the officers started removing the handcuffs from everyone and making their apologies. This happened approximately 30 minutes after the officers initially detained Plaintiff and her party.

45.   As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

a)   Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

b)   Violation of her constitutional rights under the First Amendment to the United States Constitution of her freedom of speech;

c)   Loss of her physical liberty;

d)   Intentional, offensive contact with her body;

e)   Fear of an imminent intentional and offensive touching of her body in an effort to silence her speech;

f)   Emotional distress;

g)    Damage to her reputation as an attorney with an office in the City of Beverly Hills, a city where many of her colleagues, clients and associates frequent, and in the greater Los Angeles area;

h)    Physical damage to her wrists to the point where her ability to use her right hand has been diminished.

**FIRST CAUSE OF ACTION**
**FOR VIOLATION OF 42 USC § 1983**
(as to the City of Beverly Hills and DOES 13-23, inclusive)
1-10

46.    Plaintiff re-alleges and incorporates by reference paragraphs 1-45 above as though fully set forth herein.

47.    Plaintiff claims damages under 42 USC §1983 for the injuries set forth above against Defendants, inclusive for violation of her constitutional rights under color of law.

48.    Plaintiff is informed and believes, and thereupon alleges that Defendants City, BHPD, and DOES 13-23, inclusive, and each of them, are responsible for implementing, promulgating, maintaining, sanctioning, condoning or ratifying policies, procedures, practices and/or customs, under which Defendants Snowden, McClafferty, Castaldo, Trerise, Tanner, Matteson, Burger, Adams, Balleweg, Reyes, Armour, and DOES 13-23, inclusive (collectively "Defendants"), and each of them, committed or carried out the illegal tortious acts complained of herein.  Plaintiff is also informed and believes and thereupon alleges that Defendants City, BHPD, and DOES 13-23 were and are responsible for the administration of the Beverly  Hills Police Department and for selecting, hiring, educating, training and supervising of persons working for and within the Beverly Hills Police Department including its peace officers and specifically, Defendants Snowden, McClafferty, Castaldo, Trerise, Tanner, Matteson, Burger, Adams,

1  Balleweg, Reyes, Armour, and DOES ~~13-23~~ 1-10, inclusive, and each of them.

2     49.  Plaintiff is informed and believes and thereupon alleges that prior to
3  October 19, 2011, the Beverly Hills Police Department developed and maintained
4  policies or customs exhibiting deliberate indifference to the constitutional rights of
5  persons in the City of Beverly Hills, which caused the violation of Plaintiff's
6  rights.

7     50.  It was the policy and/or custom of the Beverly Hills Police
8  Department to fail to exercise reasonable care in hiring its police officers,
9  including Defendants and DOES ~~13-23~~ 1-10, inclusive, thereby failing to adequately
10  prevent constitutional violations on the part of its police officers.

11     51.  It was the policy and/or custom of the Beverly Hills Police
12  Department to inadequately supervise and train its police officers, including
13  Defendants and DOES ~~13-23~~ 1-10, inclusive, thereby failing to adequately discourage
14  further constitutional violations on the part of its police officers.

15     52.  As a result of the above described policies and customs, police
16  officers at the City of Beverly Hills, including Defendants and DOES ~~13-23~~ 1-10,
17  inclusive, believed that their actions would not be properly monitored by
18  supervisory officers and that misconduct would not be investigated or sanctioned,
19  but would be tolerated.

20     53.  The above described policies and customs demonstrate a deliberate
21  indifference on the part of the City of Beverly Hills to the constitutional rights of
22  persons within the City of Beverly Hills, and were the cause of the violations of
23  Plaintiff's rights alleged herein.

24  ///
25  ///
    ///
26  ///
27  ///

28

## SECOND CAUSE OF ACTION
## FOR ASSAULT
### (as to Defendant McClafferty, Defendant City, and DOES 1-2, inclusive)
1-10

54.    Plaintiff re-alleges and incorporates by reference paragraphs 1-53 above as though fully set forth herein.

55.    In doing the acts as alleged above, Defendant McClafferty and DOES 1-10 13-23, inclusive, and each of them, intended to place Plaintiff in apprehension of great bodily harm in violation of California Penal Code §§ 240, 241.  Plaintiff further alleges that Defendant City is liable under the doctrine respondeat superior for the tortious acts of Defendants and DOES 13-23, 1-10 inclusive.

56.    As a result of the acts of Defendant McClafferty and DOES 13-23, 1-10 inclusive, and each of them, as alleged above, Plaintiff, in fact, was placed in severe apprehension of great bodily harm and as a result stopped speaking due to such fear.

57.    At no time did Plaintiff consent to any of the acts of Defendant McClafferty and DOES 13-23, 1-10 inclusive, and each of them, as alleged above.

58.    As a proximate result of the acts of Defendant McClafferty and DOES 1-10 13-23, inclusive, and each of them, Plaintiff was injured in her health and continues to suffer emotional distress.  Plaintiff has and will incur medical and incidental expenses for the care and treatment of these injuries in an amount to be proven at trial.

59.    The acts of Defendants and DOES 13-23, 1-10 inclusive, and each of them, as alleged herein, were willful, wanton, malicious and oppressive and justify the awarding of punitive damages in an amount to be proven at trial.

///
///
///
///

14

### THIRD CAUSE OF ACTION
### FOR BATTERY
*(as to Defendant ~~McClafferty~~ Castaldo, Defendant City, and DOES ~~13-23~~ 1-10, inclusive)*

60.  Plaintiff re-alleges and incorporates by reference paragraphs 1-59 above as though fully set forth herein.  1-10

61.  On or about October 19, 2011, Defendant Castaldo and DOES ~~13-23~~, inclusive, and each of them, did wrongfully, unlawfully, intentionally, and without legal justification, grab Plaintiff's arms and place Plaintiff in handcuffs so tight 1-10 they cut the circulation to Plaintiff's fingers.  Defendants and DOES ~~13-23~~, inclusive also touched Plaintiff's body, without Plaintiff's consent and even after Plaintiff told them that she did not consent to a touching of her person, by patting Plaintiff's body and private parts while Plaintiff was handcuffed.  Said acts resulted in injury to Plaintiff's physical and emotional condition.  1-10

62.  In doing these acts as alleged above, Defendants and DOES ~~13-23~~, inclusive, and each of them, further acted with intent to make contact with Plaintiff's person in violation of California Penal Code §§ 242, 243.  Plaintiff further alleges that Defendant City is liable under the doctrine of respondeat superior for the tortious acts of Defendant Castaldo and DOE defendants committed within the scope of their employment.

63.  At no time did Plaintiff consent to any of the acts of Defendant Castaldo, Defendants or DOES ~~13-23~~, 1-10 inclusive, and each of them.

64.  As a proximate result of the acts of Defendant Castaldo, Defendants, and DOES ~~13-23~~, 1-10 inclusive, and each of them, Plaintiff sustained injuries to her person and Plaintiff had to incur medical expenses and employ a physician to treat and care for her.  As a result of these injuries, Plaintiff has suffered general damages in an amount to be proven at trial.

65.    Plaintiff further alleges that Defendant City is liable under the doctrine of respondeat superior for the tortious acts of Defendants and DOES 13 23, inclusive.

66.    The acts of Defendant Castaldo, Defendants, and DOES 13-23, inclusive, and each of them, as alleged herein, were willful, wanton, and malicious and justify the awarding of punitive damages in an amount to be proven at trial and to punish Defendants.

## FOURTH CAUSE OF ACTION
## FOR UNLAWFUL DETENTION/ /FALSE ARREST
### (as to ALL Defendants and DOES 13 through 23)

67.    Plaintiff re-alleges and incorporates by reference paragraphs 1-66 above as though fully set forth herein.

68.    Plaintiff committed no crime on or about October 19, 2011 and no reasonable suspicion or probable cause existed to detain Plaintiff more than one minute, nor to arrest her and place her in handcuffs. At said time, Plaintiff was not engaged in any assaultive or non-compliant behavior toward defendants and each of them or any other person or persons.

69.    Defendants and each of them unlawfully and unreasonably seized and detained Plaintiff in violation of her rights under the Fourth Amendment to the United States Constitution to be free of an unreasonable seizure.

70.    The acts of Defendants and each of them, as described herein, were unprivileged and unlawful. The acts of putting Plaintiff in handcuffs and frisking her person without her consent were unlawful and unprivileged. These acts were without legal justification and constituted an unlawful imprisonment.

71.    Defendants through their aforesaid wrongful acts and wrongful omissions caused the unlawful detainment and the false imprisonment of Plaintiff in violation of the proscription against unreasonable searches and seizures of the

1  Fourth Amendment to the United States Constitution and the California Penal

2  Code § 236.

3      72.   Defendants malicious refusal and/or reckless failure to timely and

4  adequately perform their duties as BHPD officers resulted in the violation of

5  California Penal Code § 236 and the Fourth Amendment rights of Plaintiff upon

6  her unlawful detainment and arrest.

7      73.   Plaintiff suffered injury, damage, and harm as the result of Defendants

8  violations in an amount to be proven at trial.

9      74.   Plaintiff further alleges that Defendant City is liable under the

10  doctrine of respondeat superior for the tortious acts of Defendants and DOES ~~13~~

11  ~~23~~, 1-10 inclusive.

12      75.   Plaintiff alleges that the actions and/or omissions of Defendants and

13  each of them, violated her civil and constitutional rights secured to her by the

14  Fourth and Fourteenth Amendment to the United States Constitution and caused

15  injury, damage and harm according to proof.

16

17  **FIFTH CAUSE OF ACTION**

18  **FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
    **(as to ALL Defendants and DOES ~~13 through 23~~**

19  1 — 10

20      76.   Plaintiff re-alleges and incorporates by reference paragraphs 1-75

21  above as though fully set forth herein. 1-10

22      77.   At all times mentioned Defendants and DOES ~~13-23~~, inclusive, and

23  each of them, threatened Plaintiff with bodily harm and caused Plaintiff bodily

24  harm. Defendants, without cause or justification, barged into a cupcake store,

25  handcuffed all of the black patrons in the store, including Plaintiff, and

26  unreasonably detained Plaintiff with the purpose of causing Plaintiff to suffer

27  unnecessary indignity, humiliation, mental anguish, and emotional and physical

28  distress.

78.    The described acts of Defendants and DOES 13-23 *1-10*, inclusive, and each of them, were outrageous, intentional and malicious and done for the purpose of causing physical and emotional distress to Plaintiff and have caused Plaintiff severe mental and emotional distress and anguish, all to Plaintiff's general damage in a sum to be proven at trial.

79.    Plaintiff further alleges that Defendant City is liable under the doctrine of respondeat superior for the tortious acts of Defendants and DOES 13-23 *1-10*, inclusive.

80.    Each of the described acts was outrageous and committed and/or carried out maliciously and with the intention of inflicting severe mental and emotional distress and anxiety to Plaintiff and were willful, wanton, and malicious and justify the awarding of punitive damages in an amount to be proven at trial and to punish Defendants.

## SIXTH CAUSE OF ACTION
## FOR NEGLIGENCE
### (as to ALL Defendants and DOES 13 through 23, inclusive) *1 - 10*

81.    Plaintiff re-alleges and incorporates by reference paragraphs 1-80 above as though fully set forth herein.

82.    Defendants had a duty of reasonable care when carrying out their duties as uniformed police officers with the Beverly Hills Police Department.

83.    Defendants breached that duty when they arrested Plaintiff without probable cause or reasonable suspicion that Plaintiff had committed any crime and caused Plaintiff damages in an amount to be determined at trial.

84.    Plaintiff further alleges that Defendant City is liable under the doctrine of respondeat superior for the negligent and reckless acts of Defendants and DOES 13-23 *1-10*, inclusive.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SEVENTH CAUSE OF ACTION
### FOR DECLARATORY AND INJUNCTIVE RELIEF
(as to ALL Defendants and DOES ~~13 through 23,~~ inclusive)

*1 — 10*

85.    Plaintiff re-alleges and incorporates by reference paragraphs 1-84 above as though fully set forth herein.

86.    The Defendants have an ongoing history and pattern of violating the civil and constitutional rights of citizens present in the City of Beverly Hills wherein the need for ongoing declaratory and injunctive relief is necessary to maintain the rights and welfare of Plaintiff and to prevent ongoing discrimination and constitutional violations against Plaintiff and others.  In order to ensure no further violations and to correct improper policies of Defendants, Plaintiff requests the following:

a)  A court order for declaratory and injunctive relief declaring that the City of Beverly Hills engages in policies and customs that place higher value on the personal property of store owners over the civil and constitutional rights of certain United States citizens and declare such policies and customs unconstitutional and prohibit such practice in future years;

b)   For injunctive relief enjoining Defendants from implementing and enforcing policies and practices that place higher value on the personal property of store owners to the detriment of the constitutional and civil rights of United States citizens

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A.    Enter judgment in favor of Plaintiffs and against Defendants;

B.    Enter an order declaring that Defendant City of Beverly Hills engages in policies and customs that place higher value on the personal property of store owners over the civil and constitutional rights of certain United States Citizens and declare such policies and customs unconstitutional;

C.      Enter a permanent injunction, upon proper motion, requiring Defendant City of Beverly Hills to cease implementing and enforcing policies and practices that place higher value on the personal property of store owners to the detriment of the constitutional and civil rights of United States citizens;

D.      Enter a permanent injunction, upon proper motion, requiring Defendant City of Beverly Hills to adopt appropriate practices related to the hiring, training, and supervision of its police officers; and

E.      Award Plaintiff compensatory and punitive damages against Defendants;

F.      Award Plaintiff's counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. section 1988 and any other applicable provision of law; and

G.      Grant Plaintiff any such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

Dated:  July 27, 2012

Atyria S. Clark, In Pro Per

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a). PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ATYRIA S. CLARK, IN PRO PER | CITY OF BEVERLY HILLS, POLICE CHIEF DAVID SNOWDEN, OFFICER MCCLAFFERTY, OFFICER CASTALDO, OFFICER TRERISE, OFFICER TANNER, OFFICER MATTESON, OFFICER BURGER, OFFICER ADAMS, OFFICER BALLEWEG, OFFICER REYES, OFFICER ARMOUR DOES 13-23 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| 1158 26TH STREET, #783<br>SANTA MONICA, CA 90403<br>310-431-9689 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: **CV12-6498**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | N/A |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | N/A |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | N/A |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Anpiet Clauk_      Date 07/27/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |