1  Atyria S. Clark, (SBN.: 226295)
   1158 26th Street, Suite 783
2  Santa Monica, CA 90403
   Telephone: (866) 347-9247
3  Facsimile: (310) 496-1284
   E-mail: aclarklawofficela@yahoo.com
4
5  ATYRIA S. CLARK, In Pro Per

FILED
CLERK, U.S. DISTRICT COURT
AUG 1 9 2013
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

6
7              UNITED STATES DISTRICT COURT
8              CENTRAL DISTRICT OF CALIFORNIA

9  ATYRIA S. CLARK, an individual,        )  CASE NO.:  CV12-6498 VAP (JEM)
                                          )
10            Plaintiff,                   )  **PLAINTIFF'S SECOND**
                                          )  **AMENDED COMPLAINT:**
11 vs.                                     )
                                          )
12 CITY OF BEVERLY HILLS,                  )   1) **Civil Rights Violations**
   CALIFORNIA, a governmental unit,        )      **pursuant to 42 U.S.C. Section**
13 DAVID SNOWDEN, in his official and      )      **1983**
   individual capacity, FINN OREST        )
14 MCCLAFFERTY, in his official and        )   2) **Unlawful Detention/False**
   individual capacities, GARY V.          )      **Arrest**
15 CASTALDO, in his official and           )   3) **Battery**
   individual capacities, DOUGLAS          )
16 TRERISE, in his official and individual )   4) **Intentional Infliction of**
   capacities, DANIEL TANNER, in his       )      **Emotion Distress**
17 official and individual capacities,     )   5) **Negligence**
   DOUGLAS MATTESON, in his                )
18 official and individual capacities,     )   6) **Civil Rights Violations**
   KEVIN BURGER, in his official and       )      **pursuant to California Civil**
19 individual capacities, MICHAEL          )      **Code Section 52.1**
   ADAMS, in his official and individual   )
20 capacities, BRIAN BALLEWEG, in his      )
   official and individual capacities,     )  **JURY TRIAL DEMANDED**
21 JULIAN REYES, in his official and       )
   individual capacities, DAVID            )
22 ARMOUR, in his official and individual) )
23 capacities, ANNE MARIE LUNSMAN,         )
   in her official and individual capacities,)
24 and DOES 2-10, Inclusive,               )
                                          )
25            Defendants.                  )
                                          )
26                                         )
                                          )
27 _____)
28

                                    1

Plaintiff, ATYRIA S. CLARK, and for her complaint against Defendants CITY OF BEVERLY HILLS, POLICE CHIEF SNOWDEN, OFFICER FINN OREST MCCLAFFERTY, OFFICER GARY V. CASTALDO, OFFICER DOUGLAS TRERISE, OFFICER DANIEL TANNER, OFFICER DOUGLAS MATTESON, OFFICER KEVIN BURGER, OFFICER MICHAEL ADAMS, OFFICER BRIAN BALLEWEG, OFFICER JULIAN REYES, OFFICER DAVID ARMOUR, OFFICER ANNE MARIE LUNSMAN, and DOES 2-10, inclusive, states as follows:

## I.    **INTRODUCTION**

1.    This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution, and under the laws of the State of California, against the CITY OF BEVERLY HILLS, POLICE CHIEF SNOWDEN, OFFICER FINN OREST MCCLAFFERTY, OFFICER GARY V. CASTALDO, OFFICER DOUGLAS TRERISE, OFFICER DANIEL TANNER, OFFICER DOUGLAS MATTESON, OFFICER KEVIN BURGER, OFFICER MICHAEL ADAMS, OFFICER BRIAN BALLEWEG, OFFICER JULIAN REYES, OFFICER DAVID ARMOUR, OFFICER ANNE MARIE LUNSMAN, and DOES 2-10, inclusive, in their individual and official capacities.

2.    Plaintiff Atyria S. Clark alleges that Defendants made an unreasonable search and seizure of her person, touched her without her consent, and falsely imprisoned her by stopping her and physically restraining her without cause, or otherwise refused Plaintiff to voluntarily leave, and caused physical damage and emotional distress to Plaintiff.

3.    Plaintiff also alleges that Defendants owed a duty of care to Plaintiff in the execution of their official duties and Defendants breached that duty and

caused Plaintiff damages by arresting Plaintiff without probable cause and detaining Plaintiff without reasonable suspicion that Plaintiff committed a crime.

4.  Plaintiff did not fit any description of any alleged suspect of a crime and none of the officers had probable cause to arrest Plaintiff.

5.  Plaintiff alleges that these damages and constitutional violations were committed as a result of the City of Beverly Hills's failure to properly train its police officers and its dispatch officers in properly obtaining and communicating suspect descriptions and properly detaining persons who match a description of an alleged suspect.

6.  Plaintiff alleges that such failure to train is the result of the City's deliberate indifference to the people who are present in its city as the City encourages its officers to arbitrarily detain and arrest people who do not match the description of a reported suspect.

7.  Plaintiff further alleges that the City of Beverly Hills and the Beverly Hills Police Department, a governmental unit within the City of Beverly Hills, has a custom and policy of providing police officers unbridled discretion to arbitrarily detain and handcuff people who do not fit a description of any alleged suspect of a crime.

8.  Plaintiff alleges that this policy was the moving force behind Plaintiff's damages because police officers with the City of Beverly Hills arbitrarily arrested and detained Plaintiff and put Plaintiff in handcuffs when Plaintiff did not fit a description of any alleged crime suspects.

9.  At all relevant times, the police officer Defendants were uniformed police officers with the City of Beverly Hills Police Department and were acting under color of law and under color of authority as police officers, employees, and agents or servants of the City of Beverly Hills, California.

## II.    JURISDICTION AND VENUE

10.    This is a civil suit brought pursuant to Federal Civil Rights Act, 42 U.S.C. §§ 1983 et seq. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(1-4). This Court has supplemental jurisdiction over Plaintiff's causes of action arising under California state law pursuant to 28 U.S.C. § 1367.

11.    Venue lies in the United States District Court for the Central District of California because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the county of Los Angeles and in the city of Beverly Hills, California. 28 U.S.C. § 1391(b)(2).

12.    This Court is authorized to grant Plaintiff's prayer for relief regarding costs, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and pursuant to Cal. Civil Code § 52, 52.1.

## III.    PARTIES

13.    At all times mentioned herein, Plaintiff, Atyria S. Clark ("Plaintiff"), an individual, was and is a black, female, adult citizen and resident of the county of Los Angeles, California. She is a licensed attorney and has spent over seven years establishing her reputation as a professional attorney in the county of Los Angeles. Plaintiff has clients, colleagues and associates throughout Southern California who live and work in areas throughout the county of Los Angeles and more specifically, in the city of Beverly Hills.

14.    Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein, Defendant City of Beverly Hills ("the City") was and is a municipal corporation located in the County of Los Angeles, California. It is a municipal corporation and the public employer of Defendants, POLICE CHIEF DAVID SNOWDEN, FINN OREST MCCLAFFERTY, GARY V. CASTALDO, DOUGLAS TRERISE, DANIEL TANNER, DOUGLAS MATTESON, KEVIN

1  BURGER, MICHAEL ADAMS, BRIAN BALLEWEG, JULIAN REYES,
2  DAVID ARMOUR, OFFICER ANNE MARIE LUNSMAN, and DOES 2-10,
3  inclusive.

4      15.   Plaintiff is informed and believes, and thereupon alleges that at all
5  times mentioned herein, Defendant Chief of Police David Snowden ("Snowden"),
6  is the Chief of the Beverly Hills Police Department.  He is sued in his individual
7  and official capacities.   Upon information and belief, Defendant Police Chief
8  David Snowden, as Chief of the Beverly Hills Police Department, a governmental
9  unit within the City of Beverly Hills, is the City's final policy maker for
10 establishing training programs regarding officer training and procedures.

11     16.   Plaintiff is informed and believes, and thereupon alleges that at all
12 times   mentioned   herein,   Defendant   Officer   Finn   Orest   McClafferty
13 ("McClafferty") is an individual and is a police officer with the City of Beverly
14 Hills Police Department.  He is sued in his individual and official capacities.

15     17.   Plaintiff is informed and believes, and thereupon alleges that at all
16 times mentioned herein, Defendant Officer Gary V. Castaldo ("Castaldo") is an
17 individual and is a police officer with the City of Beverly Hills Police Department.
18 He is sued in his individual and official capacities.

19     18.   Plaintiff is informed and believes, and thereupon alleges that at all
20 times mentioned herein, Defendant Officer Douglas Trerise ("Trerise") is an
21 individual and is a police officer with the City of Beverly Hills Police Department.
22 He is sued in his individual and official capacities.

23     19.   Plaintiff is informed and believes, and thereupon alleges that at all
24 times mentioned herein, Defendant Officer Douglas Tanner ("Tanner") is an
25 individual and is a police officer with the City of Beverly Hills Police Department.
26 He is sued in his individual and official capacities.

27     20.   Plaintiff is informed and believes, and thereupon alleges that at all
28 times mentioned herein, Defendant Officer Douglas Matteson ("Matteson") is an

1  individual and is a police officer with the City of Beverly Hills Police Department.
2  He is sued in his individual and official capacities.

3      21.   Plaintiff is informed and believes, and thereupon alleges that at all
4  times mentioned herein, Defendant Officer Kevin Burger ("Burger") is an
5  individual and is a police officer with the City of Beverly Hills Police Department.
6  He is sued in his individual and official capacities.

7      22.   Plaintiff is informed and believes, and thereupon alleges that at all
8  times mentioned herein, Defendant Officer Michael Adams ("Adams") is an
9  individual and is a police officer with the City of Beverly Hills Police Department.
10 He is sued in his individual and official capacities.

11     23.   Plaintiff is informed and believes, and thereupon alleges that at all
12 times mentioned herein, Defendant Officer Brian Balleweg ("Balleweg") is an
13 individual and is a police officer with the City of Beverly Hills Police Department.
14 He is sued in his individual and official capacities.

15     24.   Plaintiff is informed and believes, and thereupon alleges that at all
16 times mentioned herein, Defendant Officer Julian Reyes ("Reyes") is an individual
17 and is a police officer with the City of Beverly Hills Police Department.  He is
18 sued in his individual and official capacities.

19     25.   Plaintiff is informed and believes, and thereupon alleges that at all
20 times mentioned herein, Defendant Officer David Armour ("Armour") is an
21 individual and is a police officer and Senior Training Officer with the City of
22 Beverly Hills Police Department.  Defendant Officer David Armour was
23 erroneously sued as Defendant Officer Michael Armour.  Plaintiff has amended
24 this complaint to correct the name of Defendant David Armour.  He is sued in his
25 individual and official capacities.

26     26.   Upon information and belief Plaintiff has determined the true and
27 correct name of the defendant listed as DOE 1.   Upon information and belief,
28 DOE 1 is Officer Anne Marie Lunsman.  Plaintiff has amended the original

1  complaint to add this DOE defendant.  Plaintiff is informed and believes, and
2  thereupon alleges that at all times mentioned herein, Defendant Officer Anne
3  Marie Lunsman ("Lunsman") is an individual and is a police officer with the City
4  of Beverly Hills Police Department.  She is sued in her individual and official
5  capacities.

6    27.  At all times mentioned herein the Beverly Hills Police Department
7  ("BHPD") is and was an agency and department of Defendant City of Beverly
8  Hills and which operated and operates as a law enforcement agency, duly
9  organized and operating under a Charter and existing within the county of Los
10  Angeles and under and by virtue of the laws of the state of California.

11    28.  At all times material herein, the individual defendants and each of
12  them were employed by the Beverly Hills Police Department as police officers,
13  and were acting or purporting to act under color of law within the meaning of
14  United States Code, Title 42, Section 1983.  These defendants are sued herein in
15  their official and individual capacities.

16    29.  At all times relevant herein, DOES 2-10 were employed by Defendant
17  City as police officers, bearing unknown shield numbers, or were otherwise
18  employed by the Defendant City or were otherwise agents, principals, employers,
19  contractors or employees of the Defendants.  Upon discovery of the true identities
20  of DOES 2-10, Plaintiff will seek leave to amend this complaint to add the true
21  names of these DOE defendants.

22    30.  The true names and capacities of the Defendants named herein as
23  DOES 2-10, inclusive, whether individual, corporate, associate, or otherwise, are
24  unknown to Plaintiff who thereafter sues such Defendants by fictitious names
25  pursuant to California Code of Civil Procedure § 474.  Plaintiff is informed and
26  believes that such DOE Defendants are California residents and are also police
27  officers with the Beverly Hills Police Department or otherwise are the employers,
28  contractors, agents, and/or principles of the defendant police officers.  Plaintiff will

1   seek leave to amend this Complaint to show such true names and capacities when
2   they have been determined.

3       31.   Plaintiff is informed and believes and thereupon alleges that each
4   Defendant was an agent of the other Defendants and DOES 2-10, inclusive, and
5   ratified the conduct of the other Defendants and the other employees of the City of
6   Beverly Hills and/or DOES 2-10, inclusive.  Said Defendants were specifically
7   authorized by Defendant City and/or DOES 2-10, inclusive, to perform the duties
8   and responsibilities of sworn police officers and all acts hereinafter complained of
9   were performed by them within the course and scope of their duties as peace
10  officers and officials for said Defendants City and BHPD and DOES 2-10,
11  inclusive.  Said Defendants are herein sued in their individual capacities and in
12  their official capacities as police officers, sergeants, captains, commanders,
13  supervisors, policy makers and/or other officers of Defendants.

14      32.   Plaintiff is informed and believes, and thereon alleges that each of the
15  Defendants designated as DOES 2-10 are negligently, intentionally, vicariously or
16  otherwise legally responsible, in some manner, for the events and happenings
17  herein referred to, thereby proximately causing the injuries and damages to
18  Plaintiff as alleged herein.

19      33.   At all times relevant, Defendants who were employed by the City and
20  by BHPD and DOES 2-10, inclusive were acting within the course and scope of
21  their employment and, pursuant to California *Government Code* §  815.2(a),
22  Defendants City and BHPD and DOES 2-10 are liable for the damages caused by
23  their acts and conduct alleged herein.  Said Defendant City and its police
24  department either encouraged, assisted, ratified and/or with deliberate indifference
25  failed to prevent all of the acts and omissions complained herein.

26      34.   Upon information and belief, Defendants were also employed by
27  Defendant DOES 2-10 and were acting within the course and scope of their
28

1  employment and, under *respondeat superior* are liable for the damages caused by
2  their acts and conduct alleged herein.

3       35.    Plaintiff further alleges that all the Defendants sued herein as well as
4  those sued by fictitious names, DOES 2-10, are jointly, severally, and concurrently
5  liable and responsible with the other named Defendants upon the causes of action
6  herein set forth.

7       36.    In arresting Plaintiff without probable cause that Plaintiff committed
8  any crime and in detaining Plaintiff handcuffed for over thirty minutes when
9  Plaintiff did not fit a description of any alleged suspect, Defendants acted
10  knowingly, maliciously and with reckless or callous disregard for Plaintiff's
11  constitutional rights with the specific intent to deprive Plaintiff of her
12  constitutional right to be secure in her person, justifying an award of punitive
13  damages under federal law against each individual Defendant.

14       37.    Defendants' conduct, as alleged herein, constitutes a pattern of
15  constitutional violations based (either on) a deliberate plan by Defendants, or on
16  Defendant's deliberate indifference, gross negligence or reckless disregard for the
17  safety, security, and rights of Plaintiff.

18
19                                    **BACKGROUND**

20       38.    Plaintiff incorporates by reference allegations 1 through 37 as though
21  fully set forth herein.

22       39.    On or around October 19, 2011 at approximately 6:30PM, Plaintiff
23  was inside the Sprinkles store located at 9635 S. Santa Monica Blvd., Beverly
24  Hills, CA 90210 purchasing cupcakes for a friend's birthday.

25       40.    Approximately five minutes after Plaintiff entered the store, two to
26  three Defendant police officers, including Defendant Castaldo and Defendant
27  Trerise, barged into the store and ordered all of the black patrons in the store to get
28  on the ground and not move.  Upon information and belief, another six to ten

1   officers, including Defendant Matteson, Defendant Balleweg, Defendant Tanner,
2   Defendant Adams, Defendant Burger, and Defendant Reyes were standing outside
3   the store.

4       41.    Shortly after Defendant Castaldo and Defendant Trerise entered the
5   store, Defendant McClafferty came and assisted the other officers in handcuffing
6   and detaining Plaintiff and moving Plaintiff outside.

7       42.    Upon information and belief, Defendant DOE 1, Anne Marie
8   Lunsman, came to assist in detaining Plaintiff and frisked the front of Plaintiff's
9   body after Plaintiff told her that she was not consenting to any search of her
10  person.

11      43.    According to Defendant Castaldo, Defendant Castaldo put his hand
12  down Plaintiff's backside and frisked Plaintiff from behind.[1]

13      44.    Plaintiff was then placed out on South Santa Monica Boulevard where
14  an additional six to ten uniformed police officers surrounded Plaintiff and assisted
15  the other defendants with the continued detainment of Plaintiff.  Upon information
16  and belief, these officers included Defendant Matteson, Defendant Balleweg,
17  Defendant Tanner, Defendant Adams, Defendant Burger, and Defendant Reyes.
18  These officers stood around Plaintiff and her party and would not allow anyone to
19  leave.

20      45.    These officers proceeded to assist in the detainment of Plaintiff and
21  her party and assisted in the violations of Plaintiff's constitutional rights when they
22  knew or should have known that Plaintiff did not fit the description of any alleged
23  crime suspect.

24      46.    Plaintiff was held in handcuffs and not allowed to leave for over thirty
25  minutes.

26

27

28  ---
    [1] This information was obtained from the taking of Defendant Castaldo's deposition in a similar case arising from
    the same incident in the state court action entitled *Frank v. City of Beverly Hills, et al.*, Los Angeles Superior Court
    Case No.: BC483264.

47.   Plaintiff's hands ended up going numb because the handcuffs that were placed on her wrists were way too tight and she had to beg the officer to remove the cuffs.

48.   None of the officers removed the cuffs.  One officer only loosened them after Plaintiff sat in handcuffs for an extended period of time.

49.   For months after the incident, Plaintiff had a tingling sensation in her right thumb area and could not feel sensation in part of her thumb area.  As a result, Plaintiff had to be treated for a sprained wrist at Cedars Sinai Medical Group Urgent Care facility.

50.   As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

a)   Violation of her constitutional rights under the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure of her person;

b)   Loss of her physical liberty;

c)   Intentional, offensive contact with her body;

d)   Emotional distress;

e)   Damage to her reputation as an attorney with an office in the City of Beverly Hills, a city where many of her colleagues, clients and associates frequent, and in the greater Los Angeles area;

f)   Physical damage to her wrists to the point where her ability to use her right hand has been diminished.

51.   On or around December 27, 2011, Plaintiff submitted a Claim for Damages to Person or Property ("Claim"), pursuant to the requirements of Government Code § 911.2 to Defendant City.  Plaintiff's Claim was denied by the City of Beverly Hills on January 27, 2012.  A copy of the denial letter is attached to this Complaint as Exhibit A.

## FACTS IN SUPPORT OF ALLEGATIONS OF FAILURE TO TRAIN

52.   Plaintiff incorporates by reference allegations 1 through 51 as though fully set forth herein.

53.   Upon information and belief, on October 19, 2011, a security guard by the name of Eddie Flores was working at the Gucci store located at 347 N. Rodeo Drive, Beverly Hills, CA 90210 and reported to the City of Beverly Hills Police Dispatch that two male and three female teenagers robbed the Gucci store and took valuable merchandise.[2]

54.   Upon information and belief, when Flores made this report, he knew or should have known that the report was false.

55.   Upon information and belief, when Flores made the false report, he specifically described the two male teenagers as one wearing a red t-shirt, a white baseball cap, jeans and white tennis shoes, and the other wearing a white, checkered, long-sleeved shirt and jeans.

56.   Flores described the female suspects as being black teenage females, one wearing jeans and one possibly wearing a skirt.

57.   The field officers who obtained the descriptive information from the dispatch officers failed to obtain more accurate descriptions of the alleged female suspects beyond their race, gender, and age.

58.   The alleged females who committed the alleged theft (which did not even occur) were very light skinned females all with very long hair, all of whom were around 5'5" tall and all appeared relatively thin.[3]

59.   Plaintiff is a darker skinned black female and was wearing her hair very short on October 19, 2011. Plaintiff was also 38 years old at the time of the incident and stands 5'10" tall and on October 19, 2011 had a relatively thick build.

---

[2] This information was obtained during discovery in a similar case arising from the same incident in the state court action entitled *Frank v. City of Beverly Hills, et al.*, Los Angeles Superior Court Case No.: BC483264.

[3] This information was obtained from video footage provided by the City of Beverly Hills as part of discovery in a similar case arising from the same incident in the state court action entitled *Frank v. City of Beverly Hills, et al.*, Los Angeles Superior Court Case No.: BC483264.

1    Plaintiff was wearing a black speckled suit jacket, a black shirt and black plants on

2    October 19, 2011 at the time of the incident.

3        60.    A properly trained and reasonable field patrol officer would obtain a

4    more accurate description of an alleged felony suspect that would include, at the

5    very least, information concerning the suspects' clothing description, hair length,

6    hair color, height and/or weight information and/or skin tone.

7        61.    Any reasonable police dispatch officer properly trained by the City of

8    Beverly Hills to handle emergency 911 calls would have been diligent enough,

9    especially upon receiving the report of a felony crime being committed, to have

10   obtained at least a height and weight description of the suspects and, at the very

11   least, the hair length and color of any alleged female suspects.

12       62.    Any properly trained police dispatch officer would also have properly

13   communicated that information to the field police officers who would have easily

14   determined that Plaintiff did not fit the description of any alleged suspect.

15       63.    Moreover, a properly trained field patrol officer would properly match

16   the description given from a dispatch officer before detaining and handcuffing a

17   person in the City who did not match the description given to the field patrol

18   officer.

19       64.    Plaintiff was far from being a teenager on October 19, 2011 and did

20   not resemble anything close to being a teenager on October 19, 2011.  Moreover,

21   Plaintiff was dressed in a professional business suit on October 19, 2011 and was

22   not wearing jeans or a skirt.

23       65.    Although the field officers only obtained information from the

24   dispatch officers that included the age, race and gender of the alleged female

25   suspects, certain officers detained Plaintiff and put Plaintiff in handcuffs when

26   Plaintiff did not fit the description of a teenage, black female.

27       66.    None of the field officers made any attempts to obtain additional

28   details concerning the descriptions of the female suspects when they could have

1  easily obtained such additional descriptions from either the dispatch officers, the
2  alleged victims at Gucci or from the other police officers who viewed videotape
3  footage at the Gucci store of the alleged crime while Plaintiff was being detained.

4      67.    The City further failed to train any of its field officers to properly
5  obtain suspect descriptions from the dispatch officers when such initial
6  descriptions lacked further identifying characteristics. Such diligence would assist
7  officers in detaining the proper suspects and would prevent officers from arbitrarily
8  detaining anyone in the city who did not fit a description.

9      68.    Additionally, at least one of the first officers on the scene, Defendant
10  Gary V. Castaldo, had over thirty years of experience as a Patrol Officer with the
11  Beverly Hills Police Department.

12      69.    Defendant David Armour (erroneously sued as Defendant Michael
13  Armour) also had over thirty years of experience as a Patrol Officer with the City
14  of Beverly Hills and is presently a Senior Training Officer with the Department.

15      70.    Defendant Armour had the opportunity to view the alleged suspects
16  on videotape yet chose not to communicate the proper suspect descriptions to the
17  field officers when he easily could have done so.

18      71.    Defendant Castaldo, along with Defendant Trerise and Defendant
19  McClafferty, were the primary officers who made the decision to arrest Plaintiff
20  without probable cause when Plaintiff did not match any description of any alleged
21  suspect.

22      72.    Upon information and belief, the other officers, including Defendant
23  Matteson, Defendant Balleweg, Defendant Tanner, Defendant Adams, Defendant
24  Burger, and Defendant Reyes who were at the Sprinkle's store at the time of the
25  incident, failed to act to prevent Defendants Castaldo, Trerise, and McClafferty,
26  from making this constitutional violation on Plaintiff and stood by while
27  Defendants Castaldo, Trerise, McClafferty, and Lunsman violated Plaintiff's
28

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| ATYRIA S. CLARK | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| CITY OF BEVERLY HILLS, ~~et al.~~ | ) |
| and see Attached. | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.  CIV 12 - 6498 VAP (JEM)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  PLEASE SEE ATTACHED.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    ATYRIA S. CLARK, in pro per, 1158 26th Street, #783, Santa Monica, CA 90403

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:        08/19/2013                                      _____
                                                              *Signature of Clerk or Deputy Clerk*

1184

1  Atyria S. Clark, (SBN.: 226295)
   1158 26th Street, Suite 783
2  Santa Monica, CA 90403
   Telephone: (866) 347-9247
3  Facsimile: (310) 496-1284
   E-mail: aclarklawofficela@yahoo.com
4
5  ATYRIA S. CLARK, In Pro Per

6
               UNITED STATES DISTRICT COURT
7
             CENTRAL DISTRICT OF CALIFORNIA
8

9  ATYRIA S. CLARK, an individual,       )  CASE NO.: CV12-6498 VAP (JEM)
                                         )
10              Plaintiff,               )  **PLAINTIFF'S SECOND**
                                         )  **AMENDED COMPLAINT:**
11  vs.                                  )
                                         )
12  CITY OF BEVERLY HILLS,               )    1) **Civil Rights Violations**
    CALIFORNIA, a governmental unit,     )       **pursuant to 42 U.S.C. Section**
13  DAVID SNOWDEN, in his official and   )       **1983**
    individual capacity, FINN OREST      )
14  MCCLAFFERTY, in his official and     )    2) **Unlawful Detention/False**
    individual capacities, GARY V.       )       **Arrest**
15  CASTALDO, in his official and        )
    individual capacities, DOUGLAS       )    3) **Battery**
16  TRERISE, in his official and individual )  4) **Intentional Infliction of**
    capacities, DANIEL TANNER, in his    )       **Emotion Distress**
17  official and individual capacities,   )
    DOUGLAS MATTESON, in his            )    5) **Negligence**
18  official and individual capacities,   )    6) **Civil Rights Violations**
    KEVIN BURGER, in his official and    )       **pursuant to California Civil**
19  individual capacities, MICHAEL       )       **Code Section 52.1**
    ADAMS, in his official and individual )
20  capacities, BRIAN BALLEWEG, in his  )
    official and individual capacities,   )  **JURY TRIAL DEMANDED**
21  JULIAN REYES, in his official and    )
    individual capacities, DAVID         )
22  ARMOUR, in his official and individual)
    capacities, ANNE MARIE LUNSMAN,     )
23  in her official and individual capacities, )
    and DOES 2-10, Inclusive,            )
24                                       )
25              Defendants.              )
                                         )
26                                       )
                                         )
27  _____ )

28

                                    1

1  constitutional rights when they knew or should have known that Plaintiff did not fit
2  the description of any alleged suspect.

3       73.   Defendant Armour further contributed to the constitutional violations
4  of Plaintiff by voluntarily choosing to delay providing proper suspect descriptions
5  to field officers when he had such information readily available to him that would
6  have absolved Plaintiff from any further detention at the Sprinkles store.

7       74.   Any reasonable police officer who had properly been trained in
8  identifying potential suspects would never detain and arrest a person who did not
9  match a description of an alleged suspect without probable cause to believe that
10  that person committed a crime.

11      75.   Any reasonable police officer who had been properly trained would
12  not idly standby while other officers violated a person's rights and would not assist
13  in the continued violations of the other officers.

14      76.   These actions and inactions by all of the officers at the Sprinkles store
15  at the time of the incident further demonstrate an obvious disregard of the City of
16  Beverly Hills for the constitutional rights of people who come within its city and
17  was the driving force behind the violations to Plaintiff's constitutional rights and
18  damages.

19
20            **FACTS IN SUPPORT OF CONSPIRACY AND FAILURE TO STOP**
21                   **CONSTITUTIONAL VIOLATIONS**

22      77.   Plaintiff incorporates by reference allegations 1 through 76 as though
23  fully set forth herein.

24      78.   As stated above, at least six other officers present at the Sprinkles
25  cupcake store at the time of the incident, Defendant Matteson, Defendant
26  Balleweg, Defendant Tanner, Defendant Adams, Defendant Burger, and Defendant
27  Reyes failed to act to prevent Defendant Castaldo, Defendant Trerise, Defendant
28  McClafferty, and Defendant Lunsman, and other officers, from making these

1 constitutional violations on Plaintiff when they knew or should have known that
2 Plaintiff did not fit a description of the alleged suspects.

3     79.    These officers had ample opportunity to release Plaintiff because
4 Plaintiff did not fit a description of any alleged female teenage suspect and all of
5 these defendants refused to release Plaintiff from the handcuffs when Plaintiff
6 complained that the cuffs were cutting the blood circulation to her fingers.

7     80.    The other officers stood idly by while Defendant Castaldo, Defendant
8 Trerise, Defendant McClafferty, and Defendant Lunsman, and other officers,
9 violated Plaintiff's constitutional rights and/or otherwise assisted Defendant
10 Castaldo, Defendant Trerise, Defendant McClafferty, and Defendant Lunsman, in
11 detaining and handcuffing Plaintiff and/or otherwise agreed to assist in
12 participating in the constitutional violations of Plaintiff and assisted in the
13 prolonged detention of Plaintiff.

14     81.    Both Defendant McClafferty and Defendant Trerise, admitted to
15 assisting Defendant Castaldo in handcuffing and arresting Plaintiff by providing
16 him additional handcuffs to handcuff the patrons of the Sprinkles store and by
17 moving Plaintiff and her party to the outside of the store.

18     82.    Moreover, Defendant Lunsman also assisted Defendant Castaldo in
19 frisking Plaintiff and touching Plaintiff's body without Plaintiff's consent and
20 otherwise conspired with Defendant Castaldo, Defendant Trerise and Defendant
21 McClafferty to violate Plaintiff's constitutional rights to be free from unreasonable
22 searches and seizures under the 4th Amendment to the United States Constitution.

### FIRST CAUSE OF ACTION
### FOR VIOLATION OF 42 USC § 1983
**(as to ALL Defendants and DOES 2-10, inclusive)**

27     83.    Plaintiff re-alleges and incorporates by reference paragraphs 1-82
28 above as though fully set forth herein.

84.  Plaintiff claims damages under 42 USC §1983 for the injuries set forth above against Defendants and DOES 2-10, inclusive for violation of her constitutional rights under color of law.

85.  Plaintiff is informed and believes, and thereupon alleges that Defendants City, BHPD, Police Chief David Snowden, and DOES 2-10, inclusive, and each of them, are responsible for implementing, promulgating, maintaining, sanctioning, condoning or ratifying policies, procedures, practices and/or customs, under which Defendants Snowden, McClafferty, Castaldo, Trerise, Tanner, Matteson, Burger, Adams, Balleweg, Reyes, Armour, Lunsman, and DOES 2-10, inclusive (collectively "Defendants"), and each of them, committed or carried out the illegal tortious acts complained of herein.

86.  Upon information and belief, the City has a custom or stated policy of granting its field patrol officers unbridled discretion to arbitrarily detain and handcuff anyone in the City of Beverly Hills who fits a race description of an alleged suspect, without anything more, and such discretion lead to the constitutional violations that Plaintiff suffered at the hands of the defendant police officers on October 19, 2011.

87.  Plaintiff is also informed and believes and thereupon alleges that Defendants City, BHPD, Police Chief David Snowden and DOES 2-10 were and are responsible for the administration of the Beverly Hills Police Department and for selecting, hiring, educating, training and supervising of persons working for and within the Beverly Hills Police Department including its peace officers and specifically, Defendants Snowden, McClafferty, Castaldo, Trerise, Tanner, Matteson, Burger, Adams, Balleweg, Reyes, Armour, Lunsman, and DOES 2-10, inclusive, and each of them.

88.  Upon information and belief, Police Chief David Snowden is the final policymaker for the Beverly Hills Police Department and has final decision making

1   authority over all of the defendant police officers employed by the City of Beverly

2   Hills and the City of Beverly Hills Police Department.

3       89.   Plaintiff is informed and believes and thereupon alleges that prior to

4   October 19, 2011, the Beverly Hills Police Department also developed and

5   maintained policies or customs exhibiting deliberate indifference to the

6   constitutional rights of persons in the City of Beverly Hills, which caused the

7   violation of Plaintiff's rights, including, but not limited to, failing to train its

8   officers on the proper protocol in detaining alleged suspects who fit the description

9   of a person who has committed a crime.

10      90.   Plaintiff further alleges that the City of Beverly Hills and the Beverly

11   Hills Police Department have a policy of granting field patrol officers unbridled

12   discretion to handcuff anyone they detain even if that person does not fit the

13   description of an alleged crime suspect.

14      91.   It was the policy and/or custom of the Beverly Hills Police

15   Department to inadequately supervise and train its police officers and its police

16   dispatch officers in the proper procedure for obtaining suspect descriptions and

17   communicating such information to field police officers, thereby failing to

18   adequately discourage further constitutional violations on the part of its police

19   officers.

20      92.   It was the policy and/or custom of the Beverly Hills Police

21   Department to grant unbridled discretion to its field patrol officers to arbitrarily

22   detain and handcuff people present in the City any time a crime report is made.

23      93.   As a result of the above described policies and customs, police

24   officers at the City of Beverly Hills, including Defendants and DOES 2-10,

25   inclusive, believed that their actions would not be properly monitored by

26   supervisory officers and that misconduct would not be investigated or sanctioned,

27   but would be tolerated.

28

94.    The above described policies and customs demonstrate a deliberate indifference on the part of the City of Beverly Hills to the constitutional rights of persons within the City of Beverly Hills because police officers can arbitrarily arrest people within the City of Beverly Hills without probable cause and can arbitrarily detain and handcuff people who do not match a suspect description.

95.    Any properly trained officer would not detain and arrest a 38 year old woman upon the receipt of alleged teenager suspects.

96.    A properly trained officer would exercise a basic standard of care in obtaining proper and detailed descriptions of alleged suspects before arresting and detaining anyone who simply matched the racial description of an alleged suspect of a property crime.

97.    A city that had regard for the constitutional rights of people present in the city would not grant unbridled discretion to field patrol officers to handcuff people present in the city without established and uniform parameters for handcuffing detained citizens who do not fit a description of an alleged crime suspect.

98.    This policy clearly shows a deliberate indifference on the part of the City to properly train its police officers and dispatch officers in the proper protocol in detaining and arresting alleged suspects and such indifference was the primary cause of the violations of Plaintiff's rights alleged herein.

99.    As stated above, the officer defendants in their individual capacities also violated Plaintiff's right under the United States Constitution to be free of unreasonable searches and seizures.

100.   The individual defendants caused Plaintiff deprivation of her constitutional rights under color of law as they were acting in the scope of their employment as uniformed police officers with the City of Beverly Hills Police Department.

101.   The individual officer defendants detained Plaintiff and put Plaintiff in handcuffs when Plaintiff did not match a description of a teenage female and no probable cause existed that Plaintiff was committing any crime when the individual officers detained Plaintiff and placed her in handcuffs.

102.   Plaintiff further alleges that DOES 2-10 are liable under the doctrine of *respondeat superior* for the tortious acts of Defendant Castaldo, Defendant McClafferty, Defendant Trerise, and Defendant Lunsman, and each of them, and the other defendants, committed within the scope of their employment as either employees and/or agents and/or contractors of DOES 2-10.

## SECOND CAUSE OF ACTION
## FOR BATTERY
**(as to ALL Defendants, except ARMOUR, and DOES 2-10, inclusive)**

103.   Plaintiff re-alleges and incorporates by reference paragraphs 1-92 above as though fully set forth herein.

104.   On or about October 19, 2011, Defendant Castaldo, Defendant McClafferty, and Defendant Trerise and each of them, did wrongfully, unlawfully, intentionally, and without legal justification, grab Plaintiff's arms and place Plaintiff in handcuffs so tight they cut the circulation to Plaintiff's fingers or otherwise assisted in handcuffing Plaintiff and depriving Plaintiff of her liberty.

105.   Defendants Castaldo and Lunsman and DOES 2-10, inclusive specifically touched Plaintiff's body, without Plaintiff's consent and even after Plaintiff told them that she did not consent to a touching of her person, by patting Plaintiff's body and private parts while Plaintiff was handcuffed.   Said acts resulted in injury to Plaintiff's physical and emotional condition.

106.   The other defendant officers either assisted Defendant Castaldo, Defendant McClafferty, Defendant Trerise, and Defendant Lunsman, in detaining and handcuffing Plaintiff or otherwise assisted in prohibiting Plaintiff from leaving

1   and/or otherwise stood idly by and failed to stop the battery that they witnessed the
2   other defendants inflict upon Plaintiff. Moreover, none of these offices assisted in
3   removing the handcuffs when Plaintiff complained that the handcuffs were too
4   tight and asked for them to be removed.

5       107. None of the police officer Defendant had probable cause to believe
6   that Plaintiff committed any crime and no officer had the right to detain Plaintiff
7   and/or prohibit her from leaving the Sprinkles store.

8       108. Plaintiff was a lawful patron inside the store and Plaintiff did not fit
9   any description of a teenage girl who reportedly committed a crime.

10      109. In doing these acts as alleged above, Defendants and DOES 2-10,
11  inclusive, and each of them, further acted with intent to make contact with
12  Plaintiff's person in violation of California Penal Code §§ 242, 243.

13      110. Plaintiff further alleges that Defendant City and DOES 2-10 are liable
14  under the doctrine of *respondeat superior* for the tortious acts of Defendant
15  Castaldo, Defendant McClafferty, Defendant Trerise, and Defendant Lunsman, and
16  each of them, and the other defendants, committed within the scope of their
17  employment as employers, principals, and/or contractors of Defendants.

18      111. At no time did Plaintiff consent to any of the acts of Defendants.

19      112. As a proximate result of the acts of Defendants and each of them,
20  Plaintiff sustained injuries to her person and Plaintiff had to incur medical
21  expenses and employ a physician to treat and care for her. As a result of these
22  injuries, Plaintiff has suffered general damages in an amount to be proven at trial.

23      113. The acts of Defendants as alleged herein, were willful, wanton, and
24  malicious and justify the awarding of punitive damages in an amount to be proven
25  at trial and to punish Defendants.

26
27
28

### THIRD CAUSE OF ACTION
### FOR UNLAWFUL DETENTION/ /FALSE ARREST
#### (as to ALL Defendants and DOES 2-10, inclusive)

114.  Plaintiff re-alleges and incorporates by reference paragraphs 1-113 above as though fully set forth herein.

115.  Plaintiff committed no crime on or about October 19, 2011 and no reasonable suspicion or probable cause existed to detain Plaintiff more than one minute, nor to arrest her and place her in handcuffs.  At said time, Plaintiff was not engaged in any assaultive or non-compliant behavior toward defendants and each of them or any other person or persons.

116.  Most importantly, none of the defendant police officers had any probable cause to arrest Plaintiff and no reasonable suspicion to even detain Plaintiff because Plaintiff did not fit a description of any teenage female crime suspect.

117.  Defendants and each of them unlawfully and unreasonably seized and detained Plaintiff in violation of her rights under the Fourth Amendment to the United States Constitution to be free of an unreasonable seizure.

118.  The acts of Defendants and each of them, as described herein, were unprivileged and unlawful.  The acts of putting Plaintiff in handcuffs and frisking her person without her consent were unlawful and unprivileged.  These acts were without legal justification and constituted an unlawful imprisonment because Plaintiff was a lawful patron inside a cupcake store and did not match any description of a teenage female who allegedly committed a crime.

119.  Defendants through their aforesaid wrongful acts and wrongful omissions caused the unlawful detainment and the false imprisonment of Plaintiff in violation of the proscription against unreasonable searches and seizures of the Fourth Amendment to the United States Constitution and the California Penal Code § 236 because they detained and arrested Plaintiff without probable cause

1    that Plaintiff committed any crime and handcuffed Plaintiff when Plaintiff did not

2    fit a description of any alleged crime suspect.

3       120.  Defendants, as uniformed police officers with the City of Beverly

4    Hills Police Department, surrounded Plaintiff in a store, handcuffed Plaintiff, and

5    interfered with her ability to leave for over thirty minutes.  These officers also

6    assisted in surrounding Plaintiff and her party and refusing to release Plaintiff from

7    the handcuffs when she complained about the handcuffs being on her wrists too

8    tight and cutting the circulation to her fingers.

9       121.  Although Defendants Castaldo, Trerise, McClafferty and Lunsman

10   were the first officers on the scene and some of the first officers to make the

11   decision to handcuff Plaintiff, upon information and belief, the other defendant

12   police officers, including Defendant Matteson, Defendant Balleweg, Defendant

13   Tanner, Defendant Adams, Defendant Burger, and Defendant Reyes assisted in the

14   unlawful arrest and detainment of Plaintiff and otherwise failed to act to prevent

15   the constitutional violations to Plaintiff.

16      122.  Defendants malicious refusal and/or reckless failure to timely and

17   adequately perform their duties as BHPD officers resulted in the violation of

18   California Penal Code § 236 and the Fourth Amendment rights of Plaintiff upon

19   her unlawful detainment and arrest.

20      123.  Plaintiff suffered injury, damage, and harm as the result of Defendants

21   violations in an amount to be proven at trial.

22      124.  Plaintiff further alleges that Defendant City and DOES 2-10 are liable

23   under the doctrine of *respondeat superior* for the tortious acts of Defendants and

24   DOES 2-10, inclusive.

25      125.  Plaintiff alleges that the actions and/or omissions of Defendants and

26   each of them, violated her civil and constitutional rights secured to her by the

27   Fourth Amendment to the United States Constitution and caused injury, damage

28   and harm according to proof.

23

## FOURTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (as to ALL Defendants and DOES 2-10, inclusive)

126. Plaintiff re-alleges and incorporates by reference paragraphs 1-125 above as though fully set forth herein.

127. At all times mentioned Defendants and DOES 2-10, inclusive, and each of them, threatened Plaintiff with bodily harm and caused Plaintiff bodily harm. Defendants, without cause or justification, barged into a cupcake store, handcuffed all of the black patrons in the store, including Plaintiff, and unreasonably detained Plaintiff with the purpose of causing Plaintiff to suffer unnecessary indignity, humiliation, mental anguish, and emotional and physical distress.

128. At least ten uniformed officers, including Defendant Castaldo, Defendant Trerise, Defendant McClafferty, Defendant Lunsman, Defendant Matteson, Defendant Balleweg, Defendant Tanner, Defendant Adams, Defendant Burger, and Defendant Reyes surrounded Plaintiff, refused to allow Plaintiff to leave, and otherwise assisted in detaining Plaintiff and keeping Plaintiff detained for over thirty minutes when they knew or should have known that Plaintiff did not fit a description of any alleged crime suspect.

129. The described acts of Defendants and DOES 2-10, inclusive, and each of them, were outrageous, intentional and malicious and done for the purpose of causing physical and emotional distress to Plaintiff and have caused Plaintiff severe mental and emotional distress and anguish, all to Plaintiff's general damage in a sum to be proven at trial.

130. Plaintiff further alleges that Defendant City and DOES 2-10 are liable under the doctrine of *respondeat superior* for the tortious acts of Defendants and DOES 2-10, inclusive.

1    131.   Each of the described acts was outrageous and committed and/or

2  carried out maliciously and with the intention of inflicting severe mental and

3  emotional distress and anxiety to Plaintiff and were willful, wanton, and malicious

4  and justify the awarding of punitive damages in an amount to be proven at trial and

5  to punish Defendants.

6

7                          **FIFTH CAUSE OF ACTION**
8                           **FOR NEGLIGENCE**
                  **(as to ALL Defendants and DOES 2-10, inclusive)**
9

10   132.   Plaintiff re-alleges and incorporates by reference paragraphs 1-131

11  above as though fully set forth herein.

12   133.   Police Officer Defendants and DOES 2-10 were employed by the City

13  of Beverly Hills to protect life and property through the enforcement of laws and

14  ordinances.   As police officers with the City of Beverly Hills, they had a sworn

15  duty to the general public.   See <u>Williams v. State of California</u>, 34 Cal.3d 18, 24

16  (1983).   As part of this duty to the public at large, police officers within the city of

17  Beverly Hills owe a duty of care to the public at large who are present within the

18  city of Beverly Hills in carrying out their duties as police officers within the city of

19  Beverly Hills.

20   134.   Defendants had a duty of reasonable care to properly investigate

21  reported crimes and to take care to obtain accurate and proper suspect descriptions

22  before detaining and arresting people in the city of Beverly Hills who did not fit a

23  description of an alleged crime suspect.

24   135.   Defendants also had a duty and an obligation not to detain and arrest

25  people who did not match the age and clothing descriptions of alleged suspects.

26   136.   Defendants breached that duty when they arrested Plaintiff without

27  probable cause or reasonable suspicion that Plaintiff had committed any crime

28

because Plaintiff did not fit the description of any alleged suspect who committed a crime.

137.   Plaintiff further alleges that Defendant City failed to properly train and supervise its employees in obtaining accurate and proper suspect descriptions and using due diligence to determine whether a person fits a certain description or not.  See Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006).

138.   Defendant City and DOES 2-10 are liable under the doctrine of *respondeat superior* for the negligent acts of the police officer defendants and DOES 2-10 under California Government Code § 815.2.

## SIXTH CAUSE OF ACTION FOR VIOLATION OF
## CALIFORNIA CIVIL CODE § 52.1
### (as to ALL Defendants)

139.   Plaintiff re-alleges and incorporates by reference paragraphs 1-138 above as though fully set forth herein.

140.   Plaintiff claims damages under California Civil Code § 52.1 for the injuries set forth above against Defendants, and each of them inclusive, for violation of her constitutional rights under color of law.

141.   On October 19, 2011, Plaintiff was a patron inside a store in the city of Beverly Hills when at least three uniformed police officers with the City of Beverly Hills, including Defendant Castaldo, Defendant Trerise, and Defendant McClafferty entered the store, ordered Plaintiff to get on the ground and forced Plaintiff into handcuffs, even though Plaintiff did not fit any description of any alleged suspect.

142.   At least another six officers, including Defendant Matteson, Defendant Balleweg, Defendant Tanner, Defendant Adams, Defendant Burger, and Defendant Reyes surrounded the store and would not allow Plaintiff to leave and refused to release Plaintiff from the handcuffs for an appreciable amount of time.

143.  Plaintiff told at least two officers, including Defendant McClafferty and Defendant Castaldo, that she was an attorney with an office in the area and showed these officers her bar card and explained her lawful purpose for being in the Sprinkles store.

144.  These officers still made the decision to handcuff Plaintiff and to keep her handcuffed for over thirty minutes, even after she complained about the handcuffs being on her wrists too tight and cutting the circulation to her fingers.

145.  The defendants detained Plaintiff in an effort to interfere or attempt to interfere with Plaintiff's exercise and/or enjoyment of her rights as secured by the California Constitution and in violation of California Civil Code § 52.1.  Plaintiff did not fit a description of any alleged crime suspect and none of the officers had reasonable cause to even detain Plaintiff and place her in handcuffs.

146.  Each of the described acts was outrageous and committed and/or carried out maliciously and with the intention of inflicting severe mental and emotional distress and anxiety to Plaintiff and were willful, wanton, and malicious and justify the awarding of punitive damages in an amount to be proven at trial and to punish Defendants.

147.  Plaintiff further alleges that Defendant City and DOES 2-10 are liable under the doctrine of *respondeat superior* for the tortious acts of Defendants and DOES 2-10, inclusive.

## NO IMMUNITY

148.  Plaintiff re-alleges and incorporates by reference paragraphs 1-147 above as though fully set forth herein.

149.  Regarding all actions herein alleged and stated, all Defendants violated clearly established rights held by Plaintiff, and no reasonable city official or commissioner similarly situated to any of the city, county, or state Defendants could have believed that their conduct was lawful or within the bounds of

1 | reasonable discretion.  Thus, all Defendants lack qualified or statutory immunity
2 | from suit or liability.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A.    Enter judgment in favor of Plaintiffs and against Defendants;

B.    Award Plaintiff compensatory, general, statutory, special, and punitive damages against Defendants;

C.    Award Plaintiff's counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. section 1988 and any other applicable provision of law, including but not limited to Cal C.C.P. §1021.5, Cal. Civil Code §§ 52, 52.1 and the costs of this suit; and

D.    Grant Plaintiff any such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

### DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

Dated: August 19, 2013

Atyria S. Clark, In Pro Per

# EXHIBIT A



Karl Kirkman, Risk Manager
Administrative Services


January 27, 2012


Ms. Atyria S. Clark
1158 26th Street, #783
Santa Monica, CA 90403

      Re: Claimant:      Clark, Atyria
          Our File:        12.062.1
          Date of Loss     10/19/11

Dear Ms. Clark:

Notice is hereby given that the claim for damages which you presented on to the City Clerk of the City of Beverly Hills on December 27, 2011, has been rejected.

### WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

This time limitation does not apply to the filing of federal causes of action, which may have shorter time limitations.

The government code also requires that we advise you that you may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.


Sincerely,


Karl Kirkman
Risk Manager

City of Beverly Hills 455 N. Rexford Drive Beverly Hills, California 90210 t(310) 285-1072 f(310) 285-2441      BeverlyHills.org

Exhibit A

**PROOF OF SERVICE**
(STATE OF CALIOFRNIA, COUNTY OF LOS ANGELES)

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen (18) years, and not a party to the above-entitled action; my business address is 1158 26th Street, Suite 783, Santa Monica, CA 90403.

On August 19, 2013, I served the following document described as:

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

by placing _____ the original __X__ a true and correct copy thereof enclosed in a sealed envelope addressed as stated on the attached Service List.

[  ] **BY PERSONAL DELIVERY**: I delivered each such envelope by hand to the office(s) of the address(es).

[ X ] **BY FAX**: I personally transmitted by facsimile a true and correct copy of the document(s) identified above to the fax number listed above, and I obtained a confirmation from the fax machine that the transmission was successful.

[  ] **BY FEDERAL EXPRESS OR EXPRESS MAIL**: [  ] (1) I personally deposited each such envelope in a box or other facility regularly maintained by Federal Express at Los Angeles, California with overnight delivery fees paid or provided for; or [  ] (2) I personally deposited each such envelope in the United States Mail at Los Angeles, California, for Express Mail delivery, with Express Mail postage fully prepaid thereon.

[ X ] **AS FOLLOWS**: I am readily familiar with our office's practice for collection and processing of correspondence and other material for mailing with the United States Postal Service and the fact that the correspondence would be deposited in the United States Mail that same day in ordinary course of business. I placed each such envelope for collection and mailing at each business address listed on the attached service list, following our office's ordinary business practices. The envelope(s) will be deposited in the United States Mail on this date, in the ordinary course of business.

[  ] **STATE**: I declare under penalty of perjury under the laws of the State of California that the above is true and correct of my own personal knowledge.

Executed on this 19th day of August, 2013.

_Patricia D. Clark_
PATRICIA D. CLARK

29

1

# SERVICE LIST

2

3   Daniel K. Spradlin, Esq.                    Attorneys for Defendants
    WOODRUFF, SPRADLIN & SMART, APC     **CITY OF BEVERLY HILLS**
4   555 Anton Blvd., Suite 1200               **OFFICER ARMOUR**
    Costa Mesa, CA 92626-7670                 **OFFICER REYES**
5   Tel.:  714-558-7000                          **CHIEF DAVID SNOWDEN**
    Fax:  714-835-7787                           **OFFICER MCCLAFFERTY**
6   dspradlin@wss-law.com                    **OFFICER CASTALDO**
7                                                       **OFFICER TRERISE**
                                                        **OFFICER TANNER**
8                                                       **OFFICER MATTESON**
                                                        **OFFICER BURGER**
9                                                       **OFFICER ADAMS**
10                                                     **OFFICER BALLEWEG**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28